


Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| MARK D. MURPHY AND | ) | CASE NO. 09-60854 |
| MALISSA K. MURPHY, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

On October 13, 2010, the court entered an amended confirmation order on Debtors' chapter 11 plan. Under the order, Debtors and certain creditors agreed to have the court determine disputed property values by the submission of competing appraisals to the court, without hearing. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1408.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

1

I.   309-11th St., S.W., Massillon, Ohio

In this instance, Bank of New York Mellon Trust Company, N.A. ("Bank of New York"), objects to Debtors' valuation of 309 11th St., S.W., Massillon, Ohio. Debtors claim the property is worth $20,000.00; Bank of New York contends it is $32,000.00. Michael S. Airhart, a certified residential appraiser, appraised the property for Debtors on December 1, 2008. Patricia Rossett, also a certified real estate appraiser, valued the property for the creditor on April 1, 2010. The property includes a three bedroom, one bath home consisting of between 1,258 and 1,298 square feet. The house was built in 1919 and sits on a 2,849 square foot lot.

In addition to the basic facts about the real property outlined above, the appraisals share one other commonality of great import: they both use the same comparable, specifically 313-11th St., S.W., Massillon, Ohio. Ms. Rossett lists the house as "next door." The difference with the comparable is the fact that Mr. Airhart used the most recent sale date to the date of his appraisal, with a closing date of May 29, 2008, while Ms. Rossett used the most recent sale date to her appraisal, March 2, 2010. The neighboring property sold for $17,900.00 on the earlier date; it sold for $50,000.00 on the later date. Ms. Rossett's appraisal indicates the $50,000.00 sale was the only comparable sale for the neighboring property. However, Mr. Airhart's appraisal refutes this statement through his inclusion of an earlier sale of the same property.

The court finds reason to discount two of the comparables used by Ms. Rossett. First, she recognizes that two of her comparable properties "are homes that are have had (sic) extensive recent improvements and were superior in overall effective age." Both of those properties sold for significantly more than the proposed value of the subject, selling for $50,000.00 and $44,900.00 respectively. Adjustments of 30% were necessary to make the properties comparable. The necessity of adjusting a property 30% demonstrates the lack of consonance to the subject property. Ms. Rossett's notes indicate that the third comparable "was similar in overall condition/effective age" to the subject property. Requiring only a 12% adjustment, its comparable value is $25,011.00. This is clearly in the neighborhood of ranges of the comparables used by Mr. Airhart.

The court finds Mr. Airhart's comparables, in general, to be superior. They are all in southwest Massillon, while Ms. Rossett uses comparables from the northwest quadrant and the south.

The court concludes that the best approximation of the value of the subject property is the sale of the neighboring property on May 29, 2008, approximately ten months before Debtors filed their bankruptcy petition. This appears to have been an arm's length transaction. After adjustments, Mr. Airhart concluded the subject property would be valued

09-60854-rk    Doc 239    FILED 11/09/10    ENTERED 11/09/10 15:06:12    Page 2 of 4

at $20,800.00.[1] The court accepts this as the value of 309-11th St., S.W., Massillon, Ohio.

II.     1349 Kracker Ave., N.W., Massillon, Ohio

Here, JP Morgan Chase, N.A. ("Chase"), objects to Debtors' valuation of 1349 Kracker St., N.W., Massillon, Ohio. Debtors claim the property value is $28,000.00, while Chase asserts the value is $48,000.00. Nicolene Merk appraised the real estate on behalf of Chase. She is a licensed residential real estate appraiser in Ohio. She appraised the real estate on January 4, 2010 in order to determine its market value. Michael S. Airhart, a certified residential appraiser, appraised the property on November 18, 2008 for Debtors, also to determine market value. The front page of the appraisal report states Mr. Airhart conducted an exterior-only appraisal, but a supplemental sheet indicates "the appraiser viewed the interior of the home on a walk-through of every accessible room, along with basement and porches as applicable."

The house is a one-and-a-half story, two bedroom bungalow on .17 acres. It is in average condition. It has an unfinished basement and no garage, although there is a driveway with limited parking capacity.

Immediately apparent is the difference in the square footage of the property identified by the appraisers. Ms. Merk lists 920 total square feet, while Mr. Airhart identifies 752 square feet. Ms. Merk identifies the property as a 1.5 story house, while Mr. Airhart describes it as a bungalow. Ms. Merk attached a specific breakdown of her calculation of the total living area. The difference is irreconcilable.

Other differences are noted. First, Mr. Airhart identifies the neighborhood as urban, while Ms. Merk identifies it as suburban. Because the real estate is located in the Massillon City limits, the court finds Mr. Airhart's label more apt. According to Ms. Merk, the neighborhood is declining in value and she points out that there are a higher number of bank owned homes on the market in the neighborhood. However, her valuation is nearly double that of Mr. Airhart. Mr. Airhart claims that property values are stable. The parties differ on the effective age of the residence. Although both parties agree that the residence is 110 years old, built in 1900, Ms. Merk indicates the effective age is 25 years, while Mr. Airhart indicates it is 48 years.

At first glance, it appears that Mr. Airhart has a significantly relevant comparable. He identifies a substantially similar house on the same block that closed on May 7, 2008 for $28,000.00. However, in reviewing the Stark County auditor's online records, it appears that this was not an arm's length sale. An arm's length sale occurred on 9/29/2008 at a price of $58,000.00. After making the same adjustments taken by Mr. Airhart, this would result in a gross adjusted price of $54,500.00 for an allegedly smaller home across the street.

---

[1] This is the actual amount determined by Mr. Airhart, without rounding.

09-60854-rk    Doc 239    FILED 11/09/10    ENTERED 11/09/10 15:06:12    Page 3 of 4

Noting the most comparable sale available, the court finds that an accurate value of the home is greater than alleged by Mr. Airhart. Consequently, the court will accept the valuation of Ms. Merk. The value of 1349 Kracker St., N.W., Massillon, is established to be $48,000.00.

An order shall be issued immediately.

# # #

**SERVICE LIST**

Joel K. Jensen
Edward J. Boll
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, OH 45201-5480

Joel K. Jensen
Edward J. Boll
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, OH 45201-5480

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 307
Canton, OH 44702