The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| MARK D. MURPHY AND | ) | CASE NO. 09-60854 |
| MALISSA K. MURPHY, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

On October 13, 2010, the court entered an amended confirmation order on Debtors' chapter 11 plan. Under the order, Debtors and certain creditors agreed to have the court determine disputed property values by the submission of competing appraisals to the court, without hearing. In this instance, JP Morgan Chase, N.A. ("Chase") objects to Debtors' valuation of 22 Central Court, Massillon, Ohio. Debtors claim the property value is $30,000.00 while Chase asserts the value is $40,000.00. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1408.

This opinion is not intended for publication or citation. The availability of this

1

opinion, in electronic or printed form, is not the result of a direct submission by the Court.

The property is a single family home located in the city of Massillon. It was built in 1925 and is a small one-and-a-half to one-and-three-quarter story structure on a .07 acre lot. The house consists of three bedrooms and one bath with a full basement, no central air conditioning, and a one car attached garage. Debtors assert the value of the home is $30,000.00 while the bank claims it has a value of $40,000.00. Michael S. Airhart, a certified residential appraiser, appraised the property on behalf of the debtors. Jeffery A. Mazzaferri, also a certified residential real estate appraiser in Ohio, appraised the property for Chase.

The parties disagree on the overall square footage of the above-grade living area. Debtors' appraiser contends there is 1,196 square feet, while the Chase appraiser estimates there is 1,386 square feet. No explanation for the difference is presented. Contrary information also exists concerning the basement, which Mr. Airhart identifies as "unfinished," while Mr. Mazzaferri indicates it is finished, with "Rec-Fbth." The pictures provided by Mr. Mazzaferri show a rec area in the basement, as well as a full bath, but also indicate no walls separate the two areas. There is also a basement garage. Thus, it appears that, contrary to Mr. Airhart's contention, some portion of the basement is at least partially finished. Also, Mr. Airhart fails to account for the garage basement, listing only a one car attached garage, with no mention of the basement garage space.

Mr. Airhart lists a comparable within .07 miles of the subject property. It is the third comparable provided by him. The property appears similar to the subject, although Mr. Airhart identifies it as "inferior." The selling price for it as of a closing date of July 14, 2008, was $25,500.00. This appears to have been an arm's length transaction. However, the court finds this is not a good comparable and notes that the same property sold less than four months later, on November 10, 2008, for $70,000.00, or nearly three times more. The court is convinced that the condition was so inferior to the subject property to render it a poor comparison. However, the fact that a property in that close proximity to the subject property sold for double of any Mr. Airhart's comparables suggests that Mr. Airhart's valuation may be artificially low.

Mr. Airhart's second comparable was an active listing approximately one-half mile from the subject property. According to the auditor's website, the property did not sell. Consequently, this comparable is also of limited value.

Looking at the last comparable provided by Mr. Airhart, it is approximately three-quarters of a mile from the subject. After adjustments, Mr. Airhart concluded the adjusted value of the comparable was $37,800.00. Using this against the value asserted by Chase, it is in the same range. If the finished basement and additional garage space were factored in, it is conceivable that the value would approach a value close to that of Chase. Further, a house within .07 miles sold for $70,000.00. The court concludes that the value of the subject

property is greater than the value advanced by Debtors. The court will accept the Chase valuation as the property value for the subject property. The value for 22 Central Court, S.E., Massillon is established to be $40,000.00.

An order will be entered immediately.

# # #

**SERVICE LIST**

Holly N. Wolf
Stacey O'Stafy
Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 307
Canton, OH 44702