The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| MARK D. MURPHY AND | ) | CASE NO. 09-60854 |
| MALISSA K. MURPHY, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| | ) | **PUBLICATION)** |

On October 13, 2010, the court entered an amended confirmation order on Debtors' chapter 11 plan. Under the order, Debtors and certain creditors agreed to have the court determine property values by the submission of competing appraisals to the court, without hearing. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1408.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

1

Debtors own property located at 2506 Kenyon Ave., N.W., Massillon, Ohio. It is residential real estate that Debtors are selling on land contract and do not personally use as a residence. Debtors value the property at $135,000.00 on Schedule A of the petition filed on March 16, 2009. Huntington National Bank has a mortgage on the property. On August 14, 2007, Huntington filed a secured proof of claim for $284,842.44. Huntington values the property at $225,000.00. Huntington filed an objection to confirmation on December 2, 2009 setting forth its position on the value of the property. Paragraph II(C) of the amended confirmation order provides for the court to settle the dispute as to the valuation of the Kenyon property.

Debtors' appraisal was performed by Michael S. Airhart of Qualified Appraisers, Inc. He is a certified residential real estate appraiser in Ohio. His appraisal is dated December 1, 2008. Huntington used Robert H. Spring of Spring and Associates, Ltd. He is also a licensed residential real estate appraiser in Ohio. His appraisal is dated October 12, 2009. Both appraisals indicate the purpose of the appraisal is to determine market value. Mr. Airhart's appraisal indicates it was an exterior-only inspection.

The parties agree on basic information about the real estate. The single story/ranch home is located on a 1.17 acre lot. The house is a three bedroom, one and a half bath home consisting of between 1,546 square feet and 1,572 square feet. It was built in 1973. Both appraisers agree that the best use of the property is as a single family residence. The property conforms to the neighborhood.

There are several differences noted, some of which are material. First, Mr. Spring lists the neighborhood as rural, while Mr. Airhart classifies it as suburban. Mr. Spring identifies a partial unfinished basement, while Mr. Airhart lists a full basement for the property. Similarly, Mr. Spring notes it is a partial brick home with vinyl siding, while Mr. Airhart only lists a brick exterior. Another point of disagreement concerns the garage space. The Huntington appraisal identifies a four car garage and marks it both attached and detached. Mr. Airhart shows a two car attached garage but also identified a pole building.

Mr. Spring's appraisal notes that the property is currently under land contract. The land contract purchase price is $255,000.00. The tenants, who are presumably the land contract vendees, pay $1,300.00 per month, which is applied to the purchase price. The court requested additional information about the land contract. On November 19, 2010, Debtor Mark D. Murphy filed an affidavit that said the tenants were not able to "execute and consummate a land contract on the property." (Affidavit ¶ 5.) This appears to indicate that the occupants have some type of rent to own agreement without the protection or certainty of the land contract statute. It is unclear what the real value of the arrangement may be, for example, whether the price is inflated to cover little or no interest. The court assigns no weight to this ill-defined, non-statutory deal, which may not even be a deal according to Debtor's affidavit.

2

Both appraisals contain items which serve to discount the credibility of the appraisals. On Mr. Airhart's side, it is the lack of personal inspection of the interior of the home. (This could account for his identification of a full basement and not a partial basement.) Also, Mr. Airhart has clearly identified the wrong neighborhood in his description of the neighborhood boundaries. This could result in the difference of his classification as suburban.

Mr. Spring, in turn, lists the effective age of the house at five years. This seems patently unreasonable for a house built in 1973. (It also suspect because the appraisers basically agree that the remaining economic life of the property is 50+ years. If the effective age of the house is five years, a logical presumption would suggest a longer economic life.) Although Mr. Spring attempted to justify use of his comparables, the court cannot accept his rationale. None of the comparables are within one mile of the subject property. The comparable in closest proximity is 1.3 miles away. Two of his comparables are more than five miles from the subject, not in the same school district, and in dramatically different areas. The comparable sales utilized by Mr. Spring are simply not comparable, making their utility dubious.

The court finds Mr. Airhart's comparables more reliable for two related reasons. "Location, location, location" is the mantra in real estate. Mr. Spring's comparables are just too far away from the subject to convince the court they are similar enough to provide a foundation to compare the properties. Second, the use of properties that distance from the subject does not comport with general appraisal industry standards for the use of comparable properties. Finding Mr. Airhart's comparables to be more tenable, the court accepts his valuation of the property. Debtor's real estate located at 2506 Kenyon Ave., N.W. is valued at $135,000.00.

An order will be issued immediately.

# # #

## SERVICE LIST

Joel K. Jensen
Edward J. Boll
Lerner, Sampson & Rothfuss
P.O. Box 5480
Cincinnati, OH 45201-5480

Anthony J DeGirolamo
116 Cleveland Ave., N.W.
Suite 307
Canton, OH 44702